NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PREFERRED CHOICE RESTORATION LLC,
*Plaintiff/Appellee,*

*v.*

MARIA DIMOVA,
*Defendant/Appellant.*

No. 1 CA-CV 25-0952

FILED 07-21-2026

Appeal from the Superior Court in Maricopa County
No. CV2025-010104
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maria Dimova, Tryavna, Bulgaria
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**B E C K E**, Judge:

¶1            Maria Dimova appeals a default judgment entered against her. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2            On March 13, 2025, Preferred Choice Restoration, LLC ("Preferred Choice") filed a complaint against Dimova, claiming she failed to pay for restoration work it performed on her home. On June 16, Preferred Choice moved to extend the service of process deadline after eight unsuccessful attempts to personally serve Dimova. Preferred Choice's motion attached documents showing Dimova lived at the address where service was attempted. Preferred Choice also moved to authorize an alternate method of service.

¶3            The superior court granted Preferred Choice's motions and on June 20, Preferred Choice served Dimova by posting copies of the summons and complaint at her address and by sending additional copies by first-class mail and certified mail, postage prepaid to the address, all as authorized by the superior court.

¶4            On July 16, Konstantine Vrazhilov moved to dismiss and requested an interpreter "on behalf of" Dimova. Vrazhilov is neither an attorney nor a party to this case. In his motion, Vrazhilov claimed Dimova and her family spend their summers in Europe and that he collects her mail and takes care of her dog during that time. Vrazhilov claimed that he contacted the Clerk of the Superior Court of Maricopa County upon noticing papers taped to Dimova's front door, and the Clerk advised him of the response deadlines, thus prompting his filing of the motion to dismiss.

¶5            Vrazhilov's motion claimed Preferred Choice could have alerted Dimova by email of the pending action because Preferred Choice had her email address.   He also claimed Preferred Choice knew or should

have known Dimova spent her summers in Europe and did not speak English. Although Preferred Choice had not yet sought entry of default or default judgment, Vrazhilov asserted it was seeking a default judgment in bad faith by "starting a 'time to respond' clock" by serving Dimova when she was unlikely to be home.

¶6		On August 25, Preferred Choice filed an application and declaration for default. On September 26, Preferred Choice filed a request for default judgment without a hearing against Dimova for the principal amount owed, interest, and attorneys' fees and costs, totaling almost $16,000. On October 1, the court entered the default judgment. On October 14, in an unsigned order, the court denied the motion to dismiss, stating Vrazhilov could not represent Dimova. Dimova timely appealed and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶7		Dimova argues the superior court erred by entering default and a default judgment while her motion to dismiss was pending. Preferred Choice did not file an answering brief. In cases that the Arizona Supreme Court decided before this court existed, when no answering brief was filed, that court developed a general approach that when a debatable issue is raised on appeal, the court would "assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee." *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965). As this court has noted more recently, however, "the confession of error rule is not absolute and can be waived in the discretion of this court." *Eversten v. Indus. Comm'n*, 117 Ariz. 378, 383 (App. 1977).

¶8		We have previously noted that there is "no definitive test to identify a debatable issue." *Williams v. Ariz. Dep't of Econ. Sec.*, 261 Ariz. 303, 315, ¶ 56 (App. 2025) (review granted in part Mar. 26, 2026). Our supreme court has found a debatable issue where there was "at least grave doubt" about an order being appealed. *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932). We have found that an issue was not debatable when "the answer to the questions is clear," *Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980), and when the "[t]he record shows so clearly" the answer to the issue raised, *Air E., Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971). Since there is no debatable issue here, we will not treat Preferred Choice's failure to file an answering brief as confession of error.

**¶9** Rule 55(a)(1) allows an entry of default where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Dimova argues she filed a motion to dismiss before Preferred Choice applied for entry of default. Not so. Vrazhilov, who is neither an attorney nor a party to this case, purportedly filed a motion to dismiss on Dimova's behalf. Non-attorneys may not represent other parties in court. *See State v. 1810 E. Second Ave.*, 193 Ariz. 1, 2 n.1 (App. 1997) ("Because he is not an attorney, he cannot represent his wife in court. . . ."); *see also* Ariz. R. Sup. Ct. 31.1(a)(1), 31.2 (providing, as applicable here, that only active members in good standing of the State Bar of Arizona may engage in the practice of law). Dimova either needed to represent herself or hire an attorney to represent her. *See Encinas v. Mangum*, 203 Ariz. 357, 359, ¶ 10 (App. 2002) (holding that a party either needed to represent herself or hire a lawyer, and not being able to afford a lawyer in a civil action did not violate due process).

**¶10** The motion to dismiss filed by Vrazhilov, a non-party and non-attorney, was a nullity. *See Safeway Stores, Inc. v. Superior Court*, 19 Ariz. App. 210, 213 (1973) ("[T]he requirement . . . that a party who is not represented by an attorney [must] sign his own pleading is not a mere technicality but a matter of substance going to the sufficiency of the pleading and the jurisdiction of the court."); *see also Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null.").

**¶11** Dimova failed to properly file a responsive pleading or otherwise defend at any point and so, default judgment was properly entered.

**CONCLUSION**

**¶12** We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR

4